UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

ALEJANDRO RAUDALES CALLEJAS,

    Plaintiff,

vs.

CELEBRITY CRUISES, INC., a foreign
For profit corporation

    Defendant.
_____/

**NOTICE OF REMOVAL AND INCORPORATED**
**MEMORANDUM OF LAW IN SUPPORT THEREOF**

The Defendant, CELEBRITY CRUISES, INC. ("Celebrity"), by and through undersigned counsel and pursuant to 28 U.S.C. § 1441, 28 U.S.C. § 1446, and 9 U.S.C. § 202, *et seq.*, hereby files this Notice of Removal and Incorporated Memorandum of Law in Support Thereof, and as grounds states as follows:

1)     This is a maritime personal injury action brought by ALEJANDRO RAUDALES CALLEJAS ("Plaintiff"), a seaman from Honduras, against Celebrity for damages as a result of injuries Plaintiff allegedly suffered while performing his job duties aboard the cruise vessel, *M/S MEIN SCHIFF 6*.

2)     At all times material, the terms of Plaintiff's employment were governed by an Employment Contract between Plaintiff and his employer, Sea Chefs Cruises Ltd, ("Employment Contract"). A copy of the applicable Employment Contract is attached hereto as <u>Exhibit 1</u>.

3)     Plaintiff signed the Employment Contract and thereby accepted its terms, including an incorporated mandatory arbitration provision contained within the Collective

Bargaining Agreement., attached thereto. See Ex. 1, Box 4.

4. The incorporated Collective Bargaining Agreement contains a mandatory arbitration provision, which states, in pertinent part:

> **Arbitration**
>
> a) If not resolved by the Union the Owners/Company, and/or the Seafarer, all claims, grievances, and disputes of any kind related to, or in any way connected with, the Seafarer's service to the Owners/Company, including but not limited to claims for personal injury or death, no matter how described, pleaded or styled, and whether asserted against the Seafarer, Company, Master, Ship Owner, vessel, vessel operator or their Agents, shall be referred to and resolved exclusively by binding arbitration pursuant to the United Nations Convention on Recognition and Enforcement of Foreign Arbitral Awards (New York 1958), except as otherwise provided in any government-mandated contract, such as the Standard POEA Contract for Seafarers from the Philippines.

See Collective Bargaining Agreement ("CBA"), attached as Exhibit 2.

5. The Employment Contract and incorporated CBA constitute an arbitration agreement falling under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, codified by the United States in the Federal Arbitration Act, 9 U.S.C. § 202, *et. seq*. (the "Convention Act").

6. The arbitration clause contained within the Employment Agreement and CBA extend to claims against Celebrity.

7. Cases involving the interpretation of arbitration agreements are removable to Federal Court. Specifically, 9 U.S.C. § 205 states:

> Where the subject matter on an action proceeding pending in a State court relates to an arbitration agreement or award falling under the Convention, the defendant or the defendants may, at any time before the trial thereof, remove such action or proceedings to the district court of the United States for the district and division embracing the place where the action or proceeding is pending.

8. Additionally, 28 U.S.C. § 1441(a) permits the defendant or defendants in any civil action brought in state court of which the federal district courts have original jurisdiction to

remove the action to the district court for the district encompassing the state court in which the action is pending.

9. On or about June 28, 2018, Plaintiff filed Complaint and Jury Demand in the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida, Case No.: 18-021627 CA 01. Plaintiff served the Complaint on Defendant on July 24, 2018. A copy of the Complaint and Return of Service is attached as Exhibit 3.

10. The Complaint expressly states that Plaintiff's cause of action arises "under the general maritime law of the United States…" (Ex. 2, Compl., ¶1).

11. Original jurisdiction over civil cases of admiralty or maritime jurisdiction was vested in the district courts by the Judiciary Act of 1789. Judiciary Act of 1789, ch. XX, § 9, 1 Stat. 73 (codified as amended at 28 U.S.C. § 1333(a)).

12. Accordingly, this suit is an action over which the United States District Court has original jurisdiction under the provisions of 9 U.S.C. § 202, *et seq.*, and one that may be removed to Federal Court under the provisions of 9 U.S.C. § 205, in that it is an action arising under the laws of the United States and relating to an arbitration agreement falling under the Convention Act.

13. The additional grounds for removal are as follows:

   a) There has been no trial of the state court action.

   b) ALEJANDRO RAUDALES CALLEJAS is a seaman from Honduras.

   c) Plaintiff's employer, Sea Chefs Cruises Ltd., is a foreign corporation based in Cyprus.

   d) Defendant Celebrity is a foreign corporation.

   e) The *M/S MEIN SCHIFF 6* is registered in Malta.

   f) Because the Employment Contract is between a foreign corporation and a foreign seaman and because the its terms provide for arbitration, this dispute falls under the provisions of the Convention Act. See 9 U.S.C. §

202, *et seq.*

14. Accordingly, this Court has jurisdiction over this action, and this case is properly removed pursuant to 9 U.S.C. § 205 to the United States District Court for the Southern District of Florida.

15. Pursuant to 28 U.S.C. § 1446(d), written notice of this Notice of Removal is being provided to the Plaintiff.

16. Also pursuant to 28 U.S.C. § 1446(d), a copy of this Notice will be filed with the Clerk of the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida.

17. Celebrity files and presents herewith the sum of $400.00 pursuant to 28 U.S.C. § 1914.

## **MEMORANDUM OF LAW**

The removal jurisdiction of federal district courts extends to cases over which they have original jurisdiction. *Francisco v. Stolt Achievement MT*, 293 F.3d 270, 272 (5th Cir. 2002) (citing 28 U.S.C. § 1441(a)). "Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties." *Id*. (citing 28 U.S.C. § 1441(b)). "Under § 203 of the Convention Act, '[a]n action or proceeding falling under the Convention shall be deemed to arise under the laws and treaties of the United States, notwithstanding the savings to suitors clause, under § 205 of the Convention Act: Where the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement or award falling under the Convention, the defendant or the defendants may, at any time before the trial thereof, remove such action or proceeding to the district court of the United States for the district and division embracing the place where the action or proceeding is

pending.'" *Id.*

A party's request to a federal district court to compel arbitration must be granted where 1) there is an agreement in writing to arbitrate the dispute; 2) the agreement provides for arbitration in the territory of a signatory of the Convention; 3) the agreement to arbitrate arises out of a commercial legal relationship; and 4) there is a party to the agreement who is not an American citizen. 9 U.S.C. §§ 201-208; *Francisco*, 293 F.3d at 272; *Lindo v. NCL (Bahamas) Ltd.*, 652 F.3d 1257 (11th Cir. 2011); *Bautista v. Star Cruises*, 396 F.3d 1289 (11th Cir. 2005); *see Arauz v. Carnival Corp.*, 2012 U.S. App. LEXIS 7116 (11th Cir. 2012) (following *Lindo* and affirming district court's order to compel arbitration after cruise line timely removed to the district court for the Southern District of Florida).

The aforementioned elements are met: ALEJANDRO RAUDALES CALLEJAS, a foreign citizen and Honduran national, signed a written employment contract stating that all claims and disputes arising from his employment, including personal injury claims, were subject to arbitration. The employment contract states that it shall be governed by the law of the Flag State. Accordingly, this Court has jurisdiction over this action, and this case is properly removed to the Southern District of Florida, pursuant to 9 U.S.C. § 205.

In addition, pursuant to 28 U.S.C. §1446(a), a copy of the state court docket, along with all process, pleadings, and orders is attached hereto as <u>Exhibit 4</u>, with the exception of the Complaint and Return of Service previously attached as Exhibit 3.

WHEREFORE, Defendant, CELEBRITY CRUISES, INC., respectfully moves this Court for an Order that the action now pending against it in the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida, Case No.: 18-021627 CA 01, be Removed to this Court and thereafter this action proceed therein.

Dated: September 12, 2018

Respectfully submitted,

/s/ George S. Florez
**David J. Horr**
Florida Bar No.: 310761
**dhorr@admiral-law.com**
**George S. Florez**
Florida Bar No.: 127331
**gflorez@admiral-law.com**
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on 12th day of September, 2018, we electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  We also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

/s/ George S. Florez
**David J. Horr**
Florida Bar No.: 310761
**dhorr@admiral-law.com**
**George S. Florez**
Florida Bar No.: 127331
**gflorez@admiral-law.com**
HORR, NOVAK & SKIPP, P.A.
Two Datran Center, Suite 1700
9130 South Dadeland Boulevard
Miami, FL  33156
Telephone: (305) 670-2525
Facsimile:  (305) 672-2526
*Attorneys for Defendant, Celebrity Cruises, Inc.*

168/1366020

## SERVICE LIST

**Alejandro J. Gonzalez**
Florida Bar No.: 15293
**agonzalez@qpwblaw.com**
QUINTAIROS, PRIETO, WOOD & BOYER, P.A.
9300 South Dadeland Blvd., 4th Floor
Miami, FL 33156
Telephone: (305) 670-1101
Facsimile: (305) 670-1161
*Attorneys for Plaintiff, Alejandro Josue Raudales Callejas*

**Peter P. Sotolongo**
Florida Bar No: 0584101
**psotolongo@sotolongolaw.com**
Sotolongo, P.A.
44 West Flagler Street, Suite 1700
Miami, FL 33130
Telephone: (305) 415-0073
*Co-Counsel for Plaintiff, Alejandro Josue Raudales Callejas*

**David J. Horr**
Florida Bar No.: 310761
**dhorr@admiral-law.com**
**George S. Florez**
Florida Bar No.: 127331
**gflorez@admiral-law.com**
HORR, NOVAK & SKIPP, P.A.
Two Datran Center, Suite 1700
9130 South Dadeland Boulevard
Miami, FL 33156
Telephone: (305) 670-2525
Facsimile: (305) 672-2526
*Attorneys for Defendant, Celebrity Cruises, Inc.*